UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2021 JAN 26 PM 12: 05
CLERK
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| KIMBERLY D. CROSSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VERMONT DEPT CHILDREN AND FAMILY SERVICES | ) ) | Case No. 5:19-cv-197 |
| | ) | |
| v. | ) | |
| | ) | |
| VERMONT DEPARTMENT OF HUMAN SERVICES | ) ) | Case No. 5:19-cv-198 |
| | ) | |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION | ) | Case No. 5:19-cv-199 |
| | ) | |
| v. | ) | |
| | ) | |
| BRATTLEBORO REFORMER, SUSAN SMALLHEER | ) ) | Case No. 5:19-cv-200 |
| | ) | |
| v. | ) | |
| | ) | |
| VERMONT JUDICIARY AND STAFF | ) | Case No. 5:19-cv-201 |
| | ) | |
| v. | ) | |
| | ) | |
| FACT TV8 | ) | Case No. 5:19-cv-202 |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF BARNET, LISA BOWDEN | ) | Case No. 5:19-cv-203 |
| | ) | |
| v. | ) | |
| | ) | |
| GOVERNOR OF VERMONT | ) | Case No. 5:19-cv-224 |
| | ) | |
| v. | ) | |
| | ) | |

| | |
|---|---|
| BELLOWS FALLS, TOWN OF ROCKINGHAM, WENDY HARRISON, DAVID BEMIS | Case No. 5:19-cv-225 |
| v. | |
| STATE OF VERMONT, | Case No. 5:19-cv-226 |
| Defendants. | |

**ORDER ON MOTIONS
TO RECONSIDER DISMISSALS AND REOPEN CASES**

In November 2019, Plaintiff Kimberly D. Crosson, representing herself, submitted ten proposed Complaints. She sought to proceed *in forma pauperis* ("IFP"), or without prepayment of fees, under 28 U.S.C. § 1915. By Order dated May 18, 2020, because Plaintiff's applications made the showing required under 28 U.S.C. § 1915(a), her requests to proceed IFP were granted, however, each of the proposed Complaints was dismissed under 28 U.S.C. § 1915(e)(2)(B). In five of the actions, Plaintiff was provided an opportunity to amend her pleadings on or before June 15, 2020, and warned that failure to file an Amended Complaint would result in closure of the cases. On June 24, 2020, because no Amended Complaints were filed, those five cases were also dismissed. On October 5, 2020, Plaintiff filed motions for reconsideration of the dismissals of her actions seeking to have the cases reopened.

Plaintiff does not cite a basis for her motion. Federal Rule of Civil Procedure 60 allows a party to seek relief from a judgment or order. Rule 60(a) allows a party to move the court "to correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "A motion under Rule 60(a) is available only to correct a judgment for the purpose of reflecting accurately a decision that the court actually made." *Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) (internal quotation marks omitted). Because Plaintiff does not argue the current "judgment has

failed accurately to reflect the actual decision" of the court, *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504 (2d Cir. 2007) (internal quotation marks omitted), a Rule 60(a) motion is not appropriate.

Rule 60(b) permits the court to "relieve a party or its legal representative from a final judgment." Fed. R. Civ. P. 60(b). "The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court[.]" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted). Rule 60(b) lists six specific grounds for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Pursuant to Rule 60(c)(1), a motion seeking relief under Rules 60(b)(1), (b)(2), and (b)(3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Plaintiff's motions for reconsideration are timely under Rule 60(c)(1).

A Rule 60(b) motion is "generally not favored" and will be granted "only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). "The burden of proof is on the party seeking relief from judgment." *Id.* "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Reconsideration should only be granted when the movant identifies "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). A motion for reconsideration "is not a vehicle for relitigating old issues . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).

Plaintiff asserts that reconsideration is appropriate because she has "experienced more hardship" including theft of her trailer and car containing her personal belongings and court filings and her mail has been tampered with such that she did not timely receive it. (*See, e.g.*, *Crosson v. Brattleboro Reformer*, 5:19-cv-200, Motion for Reconsideration (D. Vt. Oct. 5, 2020) (Doc. 12 at 1).) Accordingly, she requests the court grant reconsideration of any dismissals it has granted and reopen her cases.

Plaintiff has failed to establish any basis for the relief she requests. She has failed to identify any intervening change in controlling law, new evidence, or need to correct clear error or prevent manifest injustice. Plaintiff's proposed actions were either barred for lack of subject matter jurisdiction or failed to state claims on which this court could grant relief. Plaintiff's motions to reconsider the court's dismissals and reopen her cases are DENIED.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 26th day of January 2021.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court